IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-84-SPW-01 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| JUSTIN CARLTON WHITMAN, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Whitman of violating his conditions of supervised release by (1) using methamphetamine on multiple occasions and (2) failing to report for substance abuse testing. Mr. Whitman admitted to using methamphetamine but denied failing to report for substance abuse testing. Mr. Whitman's supervised release should be revoked. He should be sentenced to eight months in custody, with twenty-eight months of supervised release to follow.

## II. Status

Mr. Whitman pleaded guilty to Possession with Intent to Distribute Methamphetamine on March 27, 2013. (Doc. 33.) Senior United States District Judge Donald Molloy sentenced him to seventy-seven months in custody, with

thirty-six months of supervised release to follow on June 27, 2013. (Doc. 45.) He began his current term of supervised release on September 12, 2016.

The United States Probation Office filed a Report on Offender Under Supervision on October 20, 2016, informing the Court that Mr. Whitman admitted to daily intravenous methamphetamine use for a one-week period. United States District Judge Susan Watters allowed him to continue his supervised release, with the understanding that any future violations would be reported to the Court immediately. (Doc. 64.)

**Petition**

The Probation Office filed a Petition for Warrant for Offender Under Supervision on February 6, 2017, alleging that Mr. Whitman violated the terms of his supervised release by (1) using methamphetamine on four occasions and (2) failing to report for a random urinalysis test. (Doc. 65.) Judge Watters issued a warrant for his arrest based on the allegations in the Petition. (Doc. 66.)

**Initial appearance**

Mr. Whitman appeared before the undersigned on February 7, 2017, in Great Falls, Montana. Federal Defender Anthony Gallagher accompanied him. Assistant United States Attorney Jeffery Starnes represented the United States.

Mr. Whitman said he had read the petition and understood the allegations.

Mr. Whitman waived the preliminary hearing, and the parties consented to proceed immediately with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Whitman admitted that he violated the conditions of his supervised release by using methamphetamine on four occasions but denied that he failed to report for a random urinalysis test. The violations are serious and warrant revocation of his supervised release.

Mr. Whitman's violation grade is Grade C, his criminal history category is VI, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months and could be ordered to remain on supervised release for thirty-six months, less any custody time imposed. The United States Sentencing Guidelines call for eight to fourteen months in custody.

Mr. Gallagher recommended a sentence at or below the guideline range. Mr. Whitman exercised his right of allocution and stated that a personal tragedy made it difficult for him to stay clean. Mr. Starnes recommended a sentence at the low-end of the guideline range .

### III. Analysis

Mr. Whitman's supervised release should be revoked because he admitted violating its conditions. He should be sentenced to eight months of incarceration,

with twenty-eight months of supervised release to follow.  This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

### IV.  Conclusion

Mr. Whitman was advised that the above sentence would be recommended to Judge Watters.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Watters would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

> The undersigned **FINDS:**
>
>> Justin Carlton Whitman violated the conditions of his supervised release by using methamphetamine on four occasions.
>
> The undersigned **RECOMMENDS:**
>
>> The District Court should enter the attached Judgment, revoking Mr. Whitman's supervised release and committing him to the custody of the United States Bureau of Prisons for eight months, with twenty-eight months of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

      Dated the 16th day of February 2017.

_____
John Johnston
United States Magistrate Judge